IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.  04-00468 JMS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING |
| | ) | GOVERNMENT'S EX PARTE |
| DWAYNE ALIP,        (01) | ) | MOTION TO RESTRICT |
| OSCAR BUENO,        (02) | ) | DISCOVERY |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING GOVERNMENT'S EX PARTE MOTION
TO RESTRICT DISCOVERY

I.  INTRODUCTION

The United States has moved the court, ex parte, to restrict discovery
to protect the identity of a confidential informant.  The motion is GRANTED.  On
February 28, 2006, however, the court will hold continued hearings on the
Defendants' motions to suppress evidence; at that time, counsel for Alip will have
an opportunity to present arguments as to why Alip requires a more particularized
disclosure at this point in the proceedings.

\\

\\

## II.  BACKGROUND

On February 10, 2006, the court received some evidence on the Defendants' motions to suppress.  During the questioning of Hawaii County Police Department Officer Ken Quiocho, an issue arose as to whether there was probable cause to arrest Defendant Alip without a warrant on September 3, 2005. Accordingly, the United States agreed to provide the Defendants with Officer Quiocho's reports, notes, and other documents pursuant to the Jencks Act, 18 U.S.C. § 3500.

On February 21, 2006, however, the United States filed the instant ex parte motion to restrict discovery.  The United States seeks to protect the identity of Officer Quiocho's confidential informant, and asks the court that it be allowed to redact the Jencks material so as to protect the informant's identity.

## III.  DISCUSSION

The court must consider a variety of factors when determining whether to require the government to reveal the identity of a confidential informant:

> In *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the Supreme Court noted that protecting an informant's confidentiality serves important law-enforcement objectives.  Therefore, determining whether to reveal his identity requires "balancing the public interest in

> protecting the flow of information against the individual's right
> to prepare his defense." *Id.* at 62, 77 S.Ct. at 629. *See also
> United States v. Ordonez*, 737 F.2d 793, 808 (9th Cir.1984).
> "Whether a proper balance renders nondisclosure erroneous
> must depend on the particular circumstances of each case,
> taking into consideration the crime charged, the possible
> defenses, the possible significance of the informer's testimony,
> and other relevant factors." *Roviaro*, 353 U.S. at 62, 77 S.Ct.
> at 629.
>
> Although the informer's privilege must give way where
> the disclosure of the informant's identity "is relevant and
> helpful to the defense of an accused, or is essential to a fair
> determination of a cause," *Id.* at 60-61, 77 S.Ct. at 628, the
> burden is on the defendant to demonstrate the need for the
> disclosure. *Alexander*, 761 F.2d at 1303; *United States v.
> Kelly*, 449 F.2d 329, 330 (9th Cir.1971).

*United States v. Fixen*, 780 F.2d 1434, 1439 (9th Cir. 1986). The *Fixen* court

further stated that "[i]t is well-settled, however, that 'a trial court need not require

federal agents to disclose the identity of a reliable informant where the sole ground

for seeking that information is to establish the existence of probable cause for

arrest.'" *Id.* (quoting *United States v. Mehciz*, 437 F.2d 145, 149 (9th Cir. 1971)).

More recently, in *United States v. Napier*, ___ F.3d ___, 2006 WL

278899 (9th Cir. 2006), the Ninth Circuit reaffirmed the principle that a court must

balance the defendant's rights with the government's interest in protecting

confidential informants: "Although we agree that *Franks* [ *v. Delaware*, 438 U.S.

154 (1978),] identifies an important right--testing the validity of a search warrant--

3

we disagree that *Franks* creates an unlimited right to access all information possibly needed to meet the preliminary showing requirement. [The defendant's] interest, although significant, must be balanced against other values." *Id.* at *3. The *Napier* court also stated that "due process requirements at suppression hearings are less elaborate and demanding than those at trial." *Id.* (citing *United States v. Raddatz*, 447 U.S. 667, 679 (1980)).

At this point in the proceedings, the court concludes that the government's interest in protecting the confidential informant's identity is compelling and that the government need not disclose the informant's identity. This conclusion is without prejudice to the Defendants' ability to argue that they are entitled to a more particularized disclosure. The government is thus authorized to disclose to Defendants the redacted reports, as provided to the court *in camera*, as its Jencks Act production.

\\

\\

\\

\\

\\

\\

## IV.  <u>CONCLUSION</u>

Based on the foregoing, the government's motion is GRANTED without prejudice to the Defendants' ability to argue that they are entitled to a more particularized disclosure from the government.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 23, 2006.



_____
*J. Michael Seabright*
*United States District Judge*

*United States v. Alip et al.*, Cr. No.  04-00468 JMS; Order Granting Government's Ex Parte Motion to Restrict Discovery