ORIGINAL

EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON     #4532
Chief, Major Crimes

LORETTA SHEEHAN       #4160
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone:  541-2850

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 28 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00468-01 JMS |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| vs. | ) | Date: April 28, 2006<br>Time: 8:30 a.m. |
| DWAYNE ALIP,       (01) | ) | Judge: J. Michael Seabright |
| Defendant. | ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, DWAYNE ALIP, and his attorney, Alexander Silvert, First Assistant Federal Public Defender, have agreed upon the following:

1.  Defendant acknowledges that he has been charged in the Indictment with violating Title 18, United States Code, Sections 922(1)(1) and 922(g)(3).

2.  Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.

3.  Defendant fully understands the nature and elements of the crimes with which he has been charged.

4.  Defendant will enter a voluntary plea of guilty to Count 1 of the Indictment charging him with being a felon in possession of a firearm, a violation of Title 18, United States Code, Section 922(g)(1).  The United States agrees to dismiss Count II of the Indictment after sentencing.  Defendant understands, however, that notwithstanding its agreement to dismiss Count II, the government will provide all investigative reports to U.S. Probation, in order to prepare a Presentence Investigation Report, and the information within these reports may be considered by the Court at sentencing.

Pursuant to Federal Rules of Criminal Procedure ("FRCP") Rule 11(c)(1)(C), the parties herein agree to a sentence of time served, to be followed by 1 year of supervised release, and no fine.  Defendant agrees to pay a $100 assessment fee to the District Court.

Defendant agrees to withdraw his Motion to Suppress Evdience filed February 8, 2005 and his Joinder in co-defendant Oscar Bueno's Motion to Suppress Evidence filed February 24, 2005.

Defendant stipulates that on July 28, 1993, in the Circuit Court of the Third Circuit, he was convicted of Conspiracy to Promoting Dangerous Drugs in the Second Degree, a class B felony.

5.  Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.  Defendant enters this plea because he is in fact guilty of being a felon in the knowing possession of a firearm which had traveled in interstate commerce, as charged in Count 1 of the Indictment, and agrees that this plea is voluntary and not the result of force or threats.

7.  Defendant understands that the statutory penalties for the offense to which he is pleading guilty include:

   a.  up to 10 years imprisonment and a fine of up to $250,000, plus a term of supervised release of up to three years;

   In addition, the Court must impose a $100 special assessment as to each count to which the Defendant is pleading guilty. Defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable

to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

    8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

    a. From a time unknown, but by September 3, 2004, in the District of Hawaii, Defendant, then being a person who had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, an American Eagle .22 caliber rifle bearing no serial number.

    b. Defendant was living in and around the home of Oscar Bueno in the summer of 2005. Oscar Bueno actually owned the American Eagle .22 caliber rifle bearing no serial number. On at least one occasion, Defendant carried this firearm in order to go hunting with Oscar Bueno.

    c. No firearms are, or have been, manufactured within the State of Hawaii. No American Eagle firearms are, or have been, manufactured in the State of Hawaii. This firearm, therefore, traveled in interstate commerce before being carried by Defendant.

    d. On July 28, 1993, Defendant was convicted in the Circuit Court of the Third Circuit, State of Hawaii, for the offense of Conspiracy to Promoting Dangerous Drugs in the Second

Degree, a class B felony.  Defendant subsequently was sentenced to six months incarceration and five years of probation.

9. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the Defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.  Due to a change in circumstances, the parties wish to avoid further proceedings in this matter.

10. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

   a.   Factual stipulations: The parties stipulate to the facts as contained within paragraph 8.

   b.   Legal stipulations:

   1) Pursuant to FRCP Rule 11(c)(1)(C), the United States agrees to request a sentence of time served, to be followed by one year of supervised release, no fine, and to request a $100 special assessment at sentencing.  Defendant agrees to request the same.

5

      2) If the Court does not accept this agreement, the defendant has the right to withdraw his guilty plea pursuant to Rule 11(c)(1)(C).

    11. Defendant understands that the Court may order a Presentence Investigation Report in order to determine the facts relevant to sentencing unless the Court decides that a presentence report is unnecessary pursuant to Guideline 6A1.1. Defendant also understands that if the Court at sentencing accepts this Memorandum of Plea Agreement under FRCP 11(c)(1)(C), it will be binding upon the Court.

    12. If the Court accepts this Memorandum of Plea Agreement, and agrees to be bound by its terms, the defendant has no right to appeal, except that he may allege, in a collateral attack, ineffective assistance of counsel.

    If the Court fails to accept this Memorandum of Plea Agreement, and does not agree to be bound by its terms, and the defendant chooses not to withdraw his plea of guilty, the defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

    a. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

    b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

  13. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

    b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.  Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

    c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

    d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant.  Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.  In turn, Defendant could present witnesses and other evidence on his own behalf.  If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

   e. At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

  14. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

  15. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

  16. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.

  17. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in

//
//
//
//
//
//

aggravation or mitigation relevant to the issues involved in sentencing.

DATED: Honolulu, Hawaii, 4/28/06             .

AGREED:

EDWARD H. KUBO, JR.  
United States Attorney  
District of Hawaii

DWAYNE ALIP  
Defendant

RONALD G. JOHNSON  
Chief, Major Crimes

ALEXANDER SILVERT, Esq.  
Attorney for Defendant

LORETTA SHEEHAN  
Assistant U.S. Attorney

10